UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELIONE ADDERLY,

    Plaintiff,

v.   Case No. 5:18-cv-219-MCR/MJF

MYSTRO, et al.,

    Defendants.
_____/

**REPORT AND RECOMENDATION**

This matter was referred to the undersigned by the clerk of court. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's motion for default judgment (Doc. 12) be denied.[1]

**I.   Background**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, naming three defendants: Captain Mystro, Sergeant Fogle and Officer Sims. (Doc. 1). On October 24, 2018, the court directed the United States Marshals Service to serve Plaintiff's complaint on the Defendants

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

by mailing the necessary documents to the specially-appointed process server at Gulf Correctional Institution Annex. (Doc. 5). The order provided the Defendants 60 days to serve a responsive pleading. (*Id*.). Defendant Fogle was served on November 30, 2018. (Doc. 8). Defendants Mystro and Sims have not been served.

Plaintiff filed his motion for default judgment on January 2, 2019, seeking judgment in the amount of $2.4 million in damages. (Doc. 12). Defendant Fogle responds that he did not default. (Doc. 13).

## II.  Discussion

Rule 12 of the Federal Rules of Civil Procedure provides that a defendant must serve a responsive pleading within a specified time "after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Although Rule 12 specifies the response time as 21 days, Fed. R. Civ. P. 12(a)(1)(A)(i), the court's service order expanded the number of days to 60. (Doc. 5). Consistent with Rule 12, the court-issued summons informs the defendant that he must serve a response to the complaint within a specified time "after service of this summons on you (not counting the day you received it). . . ." (*See* Doc. 8).

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) provides for a final

default judgment against a defendant who has been defaulted. Fed. R. Civ. P. 55(b)(1)-(2).

Plaintiff is not entitled to entry of a default or a default judgment against any defendant. Defendants Mystro and Sims have not been served. Defendant Fogle was served on November 30, 2018, (Doc. 8), making his responsive pleading due January 29, 2019. At the time Plaintiff's motion for default judgment was filed on January 2, 2019, Defendant Fogle's response time had not expired.[2]

### III. Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

Plaintiff's motion for default judgment (Doc. 12) be **DENIED**.

At Panama City, Florida, this 15th day of March 2019.

>     /s/ Michael J. Frank
>     **Michael J. Frank**
>     **United States Magistrate Judge**

---

[2] Additionally, Defendant Fogle is not now in default. Fogle sought and received an extension of time to answer (Docs. 14, 15), and filed his answer on March 1, 2019, (Doc. 19). The court accepted the answer as timely filed. (Doc. 21).

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.